**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

ELVIN OSMAR SORIANO MIRANDA
3132 16th Street NW, #207
Washington, DC 20010

JOSE RENE MONGE MARTINEZ
c/o 519 H Street NW
WASHINGTON, DC 20001

      Plaintiffs,

v.                                                              Case No. _____

SIMPLY HOME CUISINE LLC
d/b/a DC NOODLES
1410 U Street NW
Washington, DC 20009

SOMSAK POLLERT
1836 9th Street NW
Washington, DC 20001

      Defendants.

## COMPLAINT

### Introduction

1.     Defendants own and operate a restaurant in Washington, D.C., where plaintiffs worked as

kitchen hands and laborers. Defendants paid plaintiffs a flat salary in cash that resulted in a sub-

minimum wage and a denial of overtime compensation.

2.     Plaintiffs bring this action to recover damages for defendants' willful failure to pay

minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"),

D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law

("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more defendants resides

in this district, and a substantial part of the acts or omissions giving rise to plaintiffs' claims

occurred in this district.

## Parties

5.      Plaintiffs are adult residents of the District of Columbia. Plaintiff Monge Martinez is

currently homeless, so his address listed above is that of undersigned counsel.

6.      Defendant Simply Home Cuisine LLC ("SHC") is a District of Columbia corporation

with an official business address at: 1410 U Street NW, Washington, DC 20009. SHC does

business as "DC Noodles" at 1410 and 1412 U Street NW, Washington, DC 20009. SHC's

resident agent for service of process is Defendant Somsak Pollert: 1836 9th Street NW,

Washington, DC 20001.

7.      Defendant Somsak Pollert is an adult resident of the District of Columbia who resides at

1836 9th Street NW, Washington, DC 20001.

8.      Mr. Pollert is an owner and officer of SHC. Mr. Pollert exercises exclusive and unfettered

control over the operations of SHC, including the pay practices of SHC.

**Factual Allegations**

9.      Defendants own and operate "DC Noodles," a popular restaurant in the "U Street"

neighborhood of Washington, DC.

10.     Plaintiff Soriano Miranda was employed in defendants' restaurant from approximately

November 1, 2014 through March 22, 2015.

11.     Plaintiff Monge Martinez was employed in defendants' restaurant from approximately

November 15, 2014 through March 22, 2015.

12.     Plaintiffs were employed in defendants' restaurant as kitchen hands and laborers. Their

duties were virtually identical: cleaning the kitchen, washing dishes, unloading supplies, and

basic food preparation.

13.     Plaintiff Soriano Miranda typically worked 6 days a week for approximately 61 hours.

His typical weekly schedule was:

| Monday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Tuesday | Off | | |
| Wednesday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Thursday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 11:00 p.m. | 0.5 Hour Break | 11.5 Hours Worked |
| Saturday | 04:30 p.m. – 11:00 p.m. | No Break | 6.5 Hours Worked |
| Sunday | 11:00 a.m. – 11:00 p.m. | 0.5 Hour Break | 11.5 Hours Worked |

14.     Plaintiff Soriano Miranda took a two-week hiatus from work in February 2015 after he suffered a severe cut while working in the kitchen.

15.     Plaintiff Monge Martinez typically worked 6 days a week for approximately 61 hours. His typical weekly schedule was:

| Monday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Tuesday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Wednesday | Off | | |
| Thursday | 11:00 a.m. – 11:00 p.m. | 1.5 Hour Break | 10.5 Hours Worked |
| Friday | 11:00 a.m. – 11:00 p.m. | 0.5 Hour Break | 11.5 Hours Worked |
| Saturday | 11:00 a.m. – 11:00 p.m. | 0.5 Hour Break | 11.5 Hours Worked |
| Sunday | 04:30 p.m. – 11:00 p.m. | No Break | 6.5 Hours Worked |

16.     Plaintiff Monge Martinez did not take any weeks off during the duration of his employment.

17.     Plaintiffs were paid every two weeks with an envelope containing cash. Defendants did not issue plaintiffs paystubs.

18.     Plaintiffs were initially paid $800.00 in cash every two weeks — or about $6.58 per hour. For the last month and a half of their employment, they were paid $850.00 in cash every two weeks — or about $6.97 per hour.

19.     Neither plaintiff ever received overtime compensation for his overtime hours.

20.     Throughout plaintiffs' employment, the federal minimum wage was $7.25 per hour, and the District of Columbia's minimum wage was $9.50 per hour.

4

21.     At all relevant times, federal and D.C. law required defendants to pay plaintiffs one and one half times the minimum wage for all hours worked over 40 in any one workweek.

22.     Defendants owe Plaintiff Soriano Miranda approximately **$5,091.75** in minimum and overtime wages.

23.     Defendants owe Plaintiff Monge Martinez approximately **$5079.25** in minimum and overtime compensation.

24.     At all relevant times, defendants had more than two employees, and the annual gross volume of defendants' business exceeded $500,000.00.

25.     At all relevant times, defendants had the power to fire plaintiffs.

26.     At all relevant times, defendants had the power to control plaintiffs' work schedules.

27.     At all relevant times, defendants had the power to set plaintiffs' rate of pay.

28.     At all relevant times, defendants did not maintain true and accurate records of each hour, day, and week worked by plaintiffs, or of how much plaintiffs were paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to plaintiffs will only be known through discovery.

29.     At all relevant times, defendants were aware that they were legally required to pay plaintiffs the D.C. and federal minimum wage.

30.     At all relevant times, defendants were aware that they were legally required to pay plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

5

31.     At all relevant times, defendants were aware that they were legally required to timely pay

plaintiffs all wages that plaintiffs were legally due.

### COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

32.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

33.     The FLSA requires that employers pay non-exempt employees a minimum wage equal to

an amount set by Congress. 29 U.S.C. § 206(a)(1).

34.     The FLSA permits states to set a minimum wage higher than that provided for by the

FLSA. 29 U.S.C. § 218.

35.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. §

207(a)(1).

36.     Defendants violated the FLSA by knowingly failing to pay the required minimum wage

to plaintiffs.

37.     Defendants violated the FLSA by knowingly failing to pay plaintiffs at least one and one-

half times the required minimum wage for hours worked in excess of 40 hours in any one work

week.

38.     Defendants' violations of the FLSA were willful.

39.     For their violations of the FLSA, defendants are liable to plaintiffs for unpaid minimum

wage and overtime compensation, an equal amount as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

40.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

41.     As of July 1, 2014, the DCMWA requires that employers pay non-exempt employees at least $9.50 per hour. D.C. Code § 32-1003(a).

42.     The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

43.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to plaintiffs.

44.     Defendants violated the DCMWA by knowingly failing to pay plaintiffs one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

45.     Defendants' violations of the DCMWA were willful.

46.     For their violations of the DCMWA, defendants are liable to plaintiffs for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

47.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

48.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

49.     For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

50.     Defendants violated the DCWPCL by knowingly failing to pay plaintiffs all wages earned, including minimum and overtime wages.

51.     Defendants' violations of the DCWPCL were willful.

52.     For their violations of the DCWPCL, defendants are liable to plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against all defendants, jointly and severally, on all counts, and grant the following relief:

a.      Award plaintiffs **$40,684.00**, consisting of the following overlapping elements:

i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

8

  ii.  unpaid D.C. minimum and overtime wages, plus three times the amount of

     unpaid minimum and overtime wages as liquidated damages, pursuant to

     the DCMWA, D.C. Code § 32-1012b(b)(1);

  iii.  unpaid wages earned, plus three times the amount of unpaid wages earned

     as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-

     1303(4) and 32-1308;

b.  Award plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.  Award plaintiffs reasonable attorneys' fees and expenses incurred in the

prosecution of this action;

d.  Award plaintiffs court costs; and

e.  Award any additional relief the Court deems just.


Date: 04/04/2015       Respectfully submitted,

           /s/ Justin Zelikovitz, Esq.
           Justin Zelikovitz, #986001
           LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
           519 H Street, NW; Second Floor
           Washington, DC 20001
           Phone: (202) 803-6083
           Fax: (202) 683-6102
           justin@dcwagelaw.com

           *Counsel for Plaintiff*